No. 21775.

The People of the State of Colorado, and Neil Tasher, Inheritance Tax Commissioner *v.* Frances Becker, Executrix of the Estate of R. A. Becker, Deceased.
(413 P.2d 185)

Decided April 18, 1966.

Duke W. Dunbar, Attorney General, R. Robert Irwin, Assistant, for plaintiffs in error.

March, March & Sullivan, for defendant in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

This case involves the propriety of an assessment for inheritance tax made by the Inheritance Tax Commissioner of the State of Colorado, hereinafter referred to as the Commissioner, against a deposit held in joint tenancy by a decedent and another in a savings and loan association. The trial court held that the account was not taxable and the Commissioner seeks reversal of that judgment.

There is no dispute as to the facts in this case, the parties being in agreement that as to the two accounts in question the survivor of the joint tenancy had contributed all of the funds. The issue arises solely on the contention by the Commissioner that, as a matter of law, a deposit in a savings and loan association is not a "bank account."

C.R.S. '53, 138-4-8, which was in force at the time of decedent's death, provides generally that where property was held in joint tenancy the taxable interest should be determined by dividing the value of the property between the number of joint tenants. But the statute also excepted "bank accounts" held jointly from this

method of assessment and provided that the taxable value of such jointly held "bank accounts" should be determined by ascertaining the amount of funds contributed to the account by the decedent and that the taxable interest passing should be the portion of funds contributed by the decedent.

The Commissioner contends that deposits in a savings and loan association do not come within the meaning of the term "bank accounts" as used in the statute. We do not agree.

■ It is a familiar and well documented rule of law that taxation is concerned with realities and that, in considering tax matters, substance and not form should govern. *Oulton v. German Sav. and Loan Soc'y.*, 84 U.S. 109, 21 L. Ed. 618; *Staunton Industrial Loan Corp. v. Commissioner of Internal Revenue*, 120 F.2d 930.

■■ It is presumed that legislators use words in their natural, ordinary, and commonly understood meaning. In applying the statutes before us, we must, therefore, look to the realities of the situation and determine whether the deposit in question is a bank account within the ordinary and commonly understood meaning of the words. Viewed in this light, we can find no material difference to the depositor between a savings deposit made in a savings and loan association and one made in a so-called "commercial" bank. One who opens a savings account in a "commercial" bank takes his money to a bank and applies for an account. He is given a deposit book and makes his deposit. If his money is in the account for a required period of time, he is paid a specific amount of interest on his deposit. If he desires to withdraw his money, he goes to the bank, fills out a withdrawal slip and his money is returned to him. Our examination of the by-laws in evidence here shows that exactly the same things are true of the deposits made in the savings and loan institution in question here. Generally, deposits in both institutions have the same characteristics.

■■ For the purpose of receiving, safeguarding and disposing of the monies entrusted to it by the depositors, the functions of the savings and loan company are so closely parallel with those of a "commercial" bank that we have no hesitancy in holding that deposits in a savings and loan association, for the purpose of this statute, are within the meaning of the term "bank account." We see nothing in comparing these two accounts which would indicate to us that the Legislature intended to distinguish between savings deposits in a "commercial" bank and those in a savings and loan institution for the purpose of determining the taxable interest which passed.

The judgment is affirmed.