419 P.2d 97

**In the Matter of the ESTATE of Weltha Ann GRAHAM, Deceased.**

**Marjorie E. FRENCH, as Executrix and Individually as Legatee, Appellant,**

**v.**

**Lois BABB, as Residuary Legatee and Devisee, Appellee.**

**No. 1 CA–CIV 197.**

Court of Appeals of Arizona.

Oct. 7, 1966.

Rehearing Denied Nov. 3, 1966.

Review Denied Nov. 29, 1966.

194

Loretta Whitney, Phoenix, for executrix and appellant.

Otto H. Linsenmeyer and Sydney Block, Phoenix, for appellee.

THOMAS TANG, Superior Court Judge.

Morjorie E. French, as executrix and legatee of an estate, appeals from a part of a Decree of Distribution of the lower court wherein four items totalling $10,143.37 in value were ordered distributed to the appel-lee Lois Babb under the residuary clause of a will. She contends these items should have been distributed to the appellant as cash under paragraph SEVENTH of the will.

The operative facts giving rise to this controversy were presented to the court below under a stipulation of issues and facts submitted by counsel for the parties.

The statement indicated that this is an ordinary probate proceeding involving a dispute with respect to the proper interpretation and construction of two paragraphs of the will of the decedent. Particularly the question is whether the four items inventoried as "cash" are in fact "cash" under the proper construction of the last will and testament of the decedent, or whether the items are properly distributed under the residuary clause of the will.

The parties agreed to raise the issue by filing objections to the final account and report and petition for distribution by the Executrix. The matter was then submitted for decision on filed briefs.

The items at issue were inventoried in the estate and identified as follows:

Item #3
Cash retirement benefits received from Arizona Retirement System for the month of November, 1961     $70.53

Item #4
Cash Dividend on retirement account with Arizona State Retirement System     $18.92

Item #5
Cash balance in retirement account with Arizona State Retirement System     $9,968.23

Item #6
Cash received from A.E.A. Federal Credit Union, representing return of investment     $85.69

The factual background is that the decedent, Weltha Ann Graham, executed her will on the 27th day of March, 1961, when she was sixty-one years of age. She died

November 3, 1961, and the will was admitted to probate on November 30, 1961.

Shortly after the execution of the will, the decedent underwent brain surgery from which it was determined she was suffering from a carcinoma of the brain. Because of this incapacity, Marjorie E. French was appointed Guardian of the Person and Estate of Weltha Ann Graham on the 24th day of April, 1961.

The guardian in performance of her duty, took into possession the property of the estate including checking account, savings account, small miscellaneous uncashed checks, salary warrants, cash surrender value of life insurance policy, South Mountain High School Mutual Insurance funds for sick benefits, automobile and home subject to encumbrances, together with all household goods, furniture and personal effects.

In order to provide hospitalization and medical care, the guardian proceeded under proper orders of the Court to liquidate the assets of the estate, and on October 26, 1961, had entered an executory contract for the sale of the home, but before confirmation of sale, Weltha Ann Graham died on November 3, 1961, and the sale was subsequently completed during probate administration of the estate. The guardian during her administration also made claim for Social Security disability benefits and no part thereof was paid until after the death of the decedent.

In addition, the guardian elected to receive on behalf of the incompetent from the Arizona State Retirement System, under Option 1, monthly income benefits payable during the lifetime of Weltha Ann Graham in the monthly sum of $70.53, and said payments were paid from May, 1961 until date of death.

The guardian filed a final account and report and petition for distribution of the assets of the guardianship estate to herself as Executrix of the probate estate and this occurred on December 27, 1961. No objection nor question is raised concerning administration of the guardianship proceedings.

Under probate proceedings the Executrix in addition to the distribution from the guardianship received three State Auditor's warrants and one check which are the four items at issue in this appeal. They represent moneys due under the Arizona State Retirement System and the A.E.A. Federal Credit Union. These items were paid to the Executrix immediately upon receipt of a death certificate and certified copies of Letters Testamentary and the payment of these funds in this manner is not disputed.

Appellant contends that the four items in dispute should pass to her under paragraph SEVENTH of the will which reads:

"I give and bequeath all cash and bank accounts owned by me to Marjorie E. French * * *."

Appellee, on the other hand, would have us affirm the lower court and have the items in question pass to her under paragraph NINTH of the will which reads:

"I give, devise and bequeath all of the rest, residue, and remainder of my property, real, personal or mixed, whatsoever and wheresoever, to my cousin, Mrs. Walter Babb * * *."

If any of the items herein qualify as "cash or bank accounts" then they would pass under paragraph SEVENTH of the will rather than paragraph NINTH which is the residuary clause.

What constitutes "cash and bank accounts" within the meaning of the will and for the purposes of this opinion may be gathered from the following citations and definitions:

"'Cash' means especially 'ready money' at command, subject to free disposal; not tied up in a fixed state. It is almost the equivalent of the term 'loose money' * * *." In re Feist's Will, 170 Misc. 497, 10 N.Y.S.2d 506, 508 (1939).

"* * * 'cash' and 'money' are usually synonymous, and that the broad meaning of the term 'money' as used by a layman would, as in the present instance, include all cash in hand, cash in savings or other banks, or even investments in sav-

ings and loan associations when such investments may be withdrawn substantially upon demand." In re McKendries Estate, 150 Misc. 665, 271 N.Y.S. 228, 232 (1934).

" * * * currency, coin, specie, or ready money, 'but also, less strictly, bank notes, sight drafts or demand deposits at a bank'." Lane v. Railey, 280 Ky. 319, 133 S.W.2d 74, 79 (1939).

■ "A will operates upon the situation as it exists at the time of the death of the testator." Hill v. Hill, 37 Ariz. 406, 294 P. 831 (1931). Thus the status of the items in question must be determined as of the time of the death of Weltha Ann Graham rather than in terms of how her death may have operated on such status.

■ What then is the nature of the four items at issue? Considering first Item #3, this is the $70.53 cash retirement benefit from the Arizona Retirement System for the month of November, 1961. This was the monthly annuity payment regularly received since May, 1961. It resulted from the guardian's election to exercise the option to draw benefits from the retirement system under A.R.S. Section 38–759 as amended.

The testatrix having retired, these payments were being regularly made each month and would continue until exhaustion of the retirement account balance or death prior to that time. No further action on behalf of the retiree was necessary to receive these monthly benefits. This $70.53 amount constituted the benefits accrued, due and owing for the month of November, 1961. If the State Auditor's warrant for these benefits had been received prior to the date of decedent's death there would be no question that the funds constituted "cash" owned by the testatrix within the meaning of paragraph SEVENTH of this will. In this instance the fact that the warrant was not actually yet in hand did not change the character of the monthly benefits which were due for the month of November, 1961. This item was cash under paragraph SEVENTH of the will and the lower court's ruling in this respect is overruled.

■ Item #4 is the $18.92 amount which represents the cash dividend on the retirement account. Dividends or interest payable under the Arizona State Retirement System are determined under provisions of A.R.S. 38–753. Subsection F provides that after adequate reserves as required under Subsections D and E have been accumulated that the state retirement board may allocate any surplus funds to increase retirement benefits for employees and retired members covered by the retirement fund. It would be reasonable to assume that these benefits accrued after the fiscal year ending June 30, 1961, however, there is insufficient information in the record concerning the determination of benefits, the mode and manner of payment and the availability of these benefits to the decedent at the date of her death to justify overruling the lower court on this item. Although this Court is in as good a position as the trial court to examine and consider the evidence, because the case was tried on the basis of an agreed statement of facts, Keeler Co. v. Atchison T. & S.F., 187 Kan. 125, 354 P.2d 368 (1960), we do not feel that the facts as contained in the stipulation are sufficient to sustain appellant's burden of proof on the matter. The rule is well stated that the party who asserts the affirmative of an issue has the burden of proving it. Durazo v. Ayers, 21 Ariz. 373, 382, 188 P. 868 (1920), Yeazell v. Copins, 98 Ariz. 109, 402 P.2d 541 (1965), Sulphur Springs Valley Electric Co-op Inc. v. City of Tombstone, 1 Ariz. App. 268, 401 P.2d 753 (1965). The ruling of the court on this item is therefore affirmed.

■ Item #5 is denominated as the cash balance in the retirement account with the Arizona State Retirement System and is in the amount of $9,968.23. It is the largest amount in issue. As previously noted the decedent Weltha Ann Graham had retired under the provision of the Arizona Retirement System and had been drawing a monthly annuity payment since May, 1961.

The payment of this annuity is governed by A.R.S. 38–759 as amended. It is apparent under the statute that after having elected to retire and to take a life annuity that a member in the retirement system has no right freely to withdraw the funds in his retirement account. The only right to withdrawal of funds is the limited one of withdrawal from the system and cancellation of membership upon the termination of employment prior to retirement; in such an event withdrawal of funds is limited only to the employee-member's contribution to the retirement fund. (A.R.S. 38–758)

In the event of death after retirement and a balance remains in the retirement account, the statute does provide that the balance shall be paid to the designated beneficiary or to the estate of the deceased member. (A.R.S. 38–759) This is the character of the balance of $9,968.23 which is in contention here. It was not money or funds freely available to the decedent during her lifetime. It was not of the character similar to life insurance proceeds left on deposit with the insurance company as was true in the appellant's cited case of In re Chamberlain's Estate, 56 Cal.App.2d 458, 132 P.2d 488 (1942). In Chamberlain, the testatrix was entitled to withdraw the proceeds of the insurance policy at any time subject only to the insurer's right to require three months' notice.

In the instant case the testatrix after exercising her option to retire for disability under the retirement act had a vested right to a lifetime monthly annuity payment but no right to terminate her membership and withdraw the balance in her retirement account. It is true that any balance remaining upon her death would be payable to her estate, absent a named beneficiary, but there was no right wherein the testatrix could construe the balance during her lifetime as "cash owned by me". Because the testatrix after electing retirement could not thereafter freely withdraw her retirement account balance, that balance cannot be construed as cash owned by the decedent within the meaning of paragraph SEVENTH of the will and the determination of the lower court as to this item is affirmed. See In re Feist's Will (supra).

The remaining question for consideration is whether the item identified as #6, the A.E.A. Federal Credit Union balance in the amount of $85.69 falls within the meaning of "cash and bank accounts owned by me."

It may be conceded that a commercial banking institution and a credit union have a number of fundamental differences. However, we hold that the testatrix in her use of the phrase "bank account" used the term "bank" generically to refer to any and all places that receive deposits of money and make loans of money. There is no intention apparent to warrant restriction of the term technically to that of a commercial banking institution only and to exclude such instrumentalities as savings or building and loan associations or similar financial institutions.

As appears from the quotation from the case of In re McKendries Estate (supra), the term "cash" by itself has been said to be sufficient even to encompass investments in savings and loan associations. Credit unions are closely related in nature and function to savings or building and loan associations. 13 Am.Jur.2nd, Building and Loan Associations, § 4, page 146. We hold, therefore, that the testatrix' use of "cash and bank accounts owned by me" included the credit union balance herein and the ruling of the lower court in this respect is accordingly overruled.

The judgment of the lower court is therefore reversed as to Item #3, the November, 1961, retirement benefits of $70.53, and as to Item #6, the A.E.A. Federal Credit Union amount of $85.69. The judgment of the lower court is affirmed as to Item #4, the Arizona State Retirement dividend in the amount of $18.92, and as to Item #5, the Arizona State Retirement System account balance in the amount of $9,968.23.

CAMERON, Acting C. J., and DONOFRIO, J., concur.

NOTE: Chief Judge HENRY S. STEVENS, having requested that he be relieved from consideration of this matter, Judge THOMAS TANG was called to sit in his stead and participate in the determination of this decision.