**John M. RONAN, Executor of the Estate of Frank T. Ronan, Deceased, Complainant,**

v.

**Margaret Ronan HECHTLINGER et al., Defendants.**

**Administration No. 297–72.**

United States District Court, District of Columbia.

July 31, 1973.

Garrett Fuller, Washington, D. C., for complainant.

Robert H. Swart, Washington, D. C., Joseph Montedonico, Rockville, Md., for defendants.

## MEMORANDUM OPINION AND ORDER

CHARLES R. RICHEY, District Judge.

This action arose out of the complaint of John M. Ronan, executor under the Last Will and Testament of Frank T. Ronan, deceased, in which complainant requests the Court to construe the decedent's will. The will, bearing the date April 14, 1967, was handwritten by the deceased and prepared without the assistance of counsel. In pertinent part, the will provides that nine legatees named in Article Third receive in equal amounts the "cash in bank accounts." Additionally, the will specifically provides for the disposition of decedent's property such as "clothing such as suits, jackets, shirts, overcoats" leaving them to other persons than those who receive "my furniture, rugs, china, silverware, T.V., radio, knicknacks." (Articles Third and Fourth).

At the time decedent executed his last will and testament he owned two checking accounts and a share or savings account in a building and loan association. At the date of his death, one checking account had a balance of $5,000.00, the other was closed in 1968 and the savings account had a balance of $13,814.14. The Court is called upon to determine whether the deceased intended the account in the building association to pass along with the checking account to the nine legatees named in Article Second, eight of whom are defendants in this suit. The ninth legatee is the complainant, who is also the executor of the deceased and the residuary legatee. Plaintiff contends that the term "cash in bank accounts" should be regarded as comprehending only the two checking accounts, thus leaving the share account in the building association for inclusion in the residuary estate of the decedent. The route to such a conclusion would be for the Court to give an ordinary and usual meaning to the term "bank account" that restricts said term to actual moneys in commercial banks and not in accounts in the building association type of financial institution. Defendants argue that the specificity with which the deceased enumerated various bequests in his will is indicative of a clear intent that all of his assets be conveyed through the testamentary instrument and, particularly, that his most substantial asset, the building association account, be considered part of the "cash in bank accounts" so that the money from the three accounts would be distributed to the defendants and plaintiff rather than to the plaintiff as residuary legatee.

In determining whether the deceased intended the term "cash in bank accounts" to include in addition to the two checking accounts his share in a building association, the Court has closely examined the language of the will itself. It is the Court's conclusion that the share account in the building association falls within the meaning of "cash in bank accounts." The decision here rests on two determinations: (1) The content within the four corners of the will demonstrates an intent for the nine designated legatees to share equally in the cash represented by the three accounts, and (2) Where there is no apparent intention to restrict the term "bank accounts" to that of a commercial banking institution, the Court may determine that it is in the interest of justice to construe the phrase "bank accounts" to include deposits in a building and loan association.

It is significant to the Court's reasoning that the testator specifically disposed of all of his assets including clothes, furniture and money. In the face of such deliberate planning on the part of the deceased, the Court cannot accept plaintiff's contention that the testator intended to include the savings account in the residuary estate. Instead the Court is of the opinion that the testator specifically mentioned and disposed of all of his assets in his will, and intended that the cash from all three accounts comprise his bequest to the nine legatees.

Plaintiff's argument essentially hangs upon a dictionary definition of "bank" that to plaintiff's mind excludes an account like that of testator, an account created by the deposit of money and subject to withdrawal of money, on the ground that a "bank" is not a "savings and loan association." The simplicity of this argument is its only redeeming value. Accordingly the Court must reject it. The cases with which the Court is familiar hold that share or savings accounts which are subject to withdrawal at any time will be distributed under the terms "cash" or "my bank account" as employed in a particular will. Succession of Mulqueeny, 248 La. 659, 181 So. 2d 384 (1965); Baldwin v. Baldwin, 107 N.J.Eq. 91, 151 A. 741 (1930). Such distribution is particularly appropriate where, as here, the savings account in issue, in addition to being freely withdrawable upon demand, has other similarities to a commercial savings account in that it earns interest at a fixed rate and is fully insured by the U. S. Government. (Deposition of Ronald Arnold, pp. 3–10).

Plaintiff heavily relies upon Green v. Lanier, 61 Tenn.App. 487, 456 S.W.2d 345 (1970) for the proposition that a court may not substitute the words "deposit in a savings and loan association" for "my bank account" in construing the provisions of a will. However, the reasons that the court in *Green* avoided what it considered to be rewording the will in that case are inapposite to the matter before the Court. Instead of interpreting the meaning of "bank account" in a vacuum as the court in *Green* refused to do, the Court is presented here with common and substantial similarities between the checking accounts and the building association account of the testator that support the inclusion of the building association account in the phrase "my bank account." As the Defendants point out, the court in *Green* indicated three factors which would have necessitated a decision that the savings and loan accounts at issue there were included in the phrase "my bank account." Each of those conditions is met in this suit:

"If testator in his will had referred to his funds as 'my cash,' or 'my funds,' or 'my deposits,' or my 'funds on deposit,' there would be little difficulty in comprehending all of the above assets in such designation; but such designation was not used." 456 S.W. 2d 345, 352.

Such expressions by the testator are set forth in the will in question and neither statutory limits in defining a savings and loan account nor Webster's definition of a commercial bank are determinative of the legal question before the Court, or, most importantly, prevent the Court from construing the will on the four corners of that instrument and deciding that all three of testator's accounts were part of his bequest to the nine legatees. See generally In re Estate of Graham, 4 Ariz.App. 193, 419 P. 2d 97 (1966); People v. Becker, 159 Colo. 562, 413 P.2d 185 (in banc, 1966).

Upon consideration of Plaintiff's Complaint to Construe the Will and the stipulation of all parties and the memoranda filed herein, and in accordance with the above reasons, it is, by this Court, this 31st day of July, 1973,

Ordered, that the Executor interpret the phrase "in my bank accounts" to include the Testator's building association account; and it is

Further Ordered, that the Executor honor the Testator's bequest to the nine legatees named in Article Second on the basis of all three of Testator's accounts.